**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JAVIN J. ARRINGTON, A Minor,
by and through his mother and
next of kin, KIMBERLY HARRIS,**                                                     **PLAINTIFFS**

**VERSUS**                                               **CIVIL ACTION NO. 2:06-cv-51KS-JMR**

**ALICIA D. SIMONTON,**                                                              **DEFENDANT**

## ORDER OF REMAND

This matter is before the court on Motion to Remand **[#4]** filed on behalf of the plaintiffs. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the authorities cited and being fully advised in the premises, finds that the motion should be granted as follows;

The minor plaintiff, Javin J. Arrington, was injured in an automobile-bicycle collision on July 7, 2005, when a car driven by the defendant, Alicia D. Simonton, allegedly struck the plaintiff while he was operating his bicycle on Ferrell Street in the City of Laurel. The minor plaintiff's medical expenses related to his treatment for injuries suffered in the collision currently total $7,794.50. This civil action was originally filed on November 29, 2005, in Jones County Circuit Court against Alicia D. Simonton, whose address was listed in the accident report as 714 N. 6th Avenue, Laurel, Mississippi. In the state court complaint, the plaintiffs prayed for $74,750.00 for the injuries and damages sustained by the minor as a result of the collision.

The defendant removed the case to this court on February 13, 2006, on the basis of diversity of citizenship, 28 U.S.C. §1332.  In support of removal, the defendant asserts that she is in fact a resident of Parkersburg, West Virginia, where she was served with the original summons in this case on January 21, 2006.  She asserts that on the date of the accident, she was a student at Jones County Junior College and was paying out-of-state tuition based on her residency in West Virginia.  The Notice of Removal also asserts, in conformity with the requirement of § 1332, that the amount in controversy in this case exceeds the court's jurisdictional threshold of $75,000.

In the Motion to Remand, the plaintiffs assert that the defendant's address was listed in Laurel, Mississippi, apparently to contest the defendant's assertion that she was domiciled in West Virginia.  They also contest the defendant's assertion that the amount in controversy exceeds the jurisdictional minimum of this court.

## **STANDARD OF REVIEW**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that court.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana*

*Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted).  Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

## DOMICILE

As the defendant points out, the law is clear that college students are considered residents of their parents' or guardians' home and are thus domiciled where their parents or guardians reside*.  Johnson v. Preferred Risk Automobile Ins. Co.*, 659 So. 2d 866, 872-875 (Miss. 1995).  The Mississippi Supreme Court held:

> In general, college students are considered residents of their parents' homes, although they reside elsewhere for most of the year, and visit their parents only occasionally.  Courts generally reason that college students leave possessions at their parents' home, return there on vacations, maintain their parents home as their "permanent address," while changing their temporary school addresses, and continue to regard their parents' homes as their own.

*Johnson*, 659 So. 2d at 874 (citations omitted).  "[A] person's domicile remains stationary absent a clear indication of intent to abandon the existing domicile and establish another." *Id.* at 873.  The standard of domicile, not residency, is what determines citizenship.  *See generally, Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F. 3d. 444, 448 (5th Cir. 2003).  Based on the facts of this case, however, under either standard, the minor, Alicia Simonton is and was a citizen of Parkersburg, West Virginia.

## **AMOUNT IN CONTROVERSY**

The real issue in this case is the jurisdictional amount. The plaintiffs contend that the $75,000 jurisdictional limit of § 1332 is not satisfied while the defendant contends to the contrary. The plaintiffs point out that the original state court complaint expressly states that they are seeking $74,750.00 in total damages. The defendant's counsel counters that prior to the removal of this case, a stipulation was sent to the plaintiffs which stated, "he will neither seek nor accept at the trial of this case any amount in excess of $75,000 including interest, costs and attorneys fees," which the plaintiffs refused to execute. The defendants also contend that the minor plaintiff's medical expenses "may" exceed the amounts contained in the complaint. Plaintiffs' counsel has filed an affidavit which reiterates the allegations of the complaint setting forth the itemized damages of the minor plaintiff and the prayer for relief of $74,750.00.

"Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)(*quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)). "The inquiry, however, does not end merely because the Plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith.*" De Aguilar*, 47 F.3d at 1410. There is, however, a "strong presumption" that the amount alleged in the complaint is correct and the defendants bear a "heavy burden" in showing that it is erroneous*. See St. Paul Mercury*, 303 U.S. at 288-89; and *De Aguilar*, 47 F.3d at 1409, 1412.

The defendant does not specifically contend that the plaintiffs' complaint is made

in bad faith. She does, however, contend that the plaintiffs' failure to execute the binding stipulation limiting damages is telling as to their true intentions.

*De Aguilar* stands for the proposition that the plaintiffs are still the masters of their complaint and that their claim to a specific amount of damages is presumptively correct unless by a preponderance of the evidence the defendant can show the amount in controversy is greater than the jurisdictional requirements of § 1332. 47 F.3d at 1412. According to the teachings of *De Aguilar* and *St. Paul Mercury*, once a defendant has produced evidence, by a preponderance of the evidence, that the jurisdictional amount has been exceeded, it is incumbent upon the plaintiffs to establish to a legal certainty that their claim is for less than the jurisdictional amount. *See, St. Paul Mercury*, 303 U.S. at 289, 58 S. Ct. at 590; and *De Aguilar*, 47 F.3d at 1412.

This court concludes that the defendant has not met its "heavy burden" in showing that the prayer for relief set forth in the complaint is erroneous nor has it shown, by a preponderance of the evidence that the jurisdictional threshold of this court has been met.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#4]** is Granted and the Clerk of this court is directed to immediately return this case to the Circuit Court for the Second Judicial District of Jones County, Mississippi.

SO ORDERED AND ADJUDGED this the 3rd day of July, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE